# SOUTH PORTO RICO SUGAR COMPANY, Complainant,

## v.

# AMERICAN RAILROAD COMPANY OF PORTO RICO, Dft.

---

San Juan, Equity, No. 1198.

### CONSTITUTIONAL LAW.

Jurisdiction—$3,000 Involved during Suit.

1. In an equity proceeding seeking an injunction against a transportation company which threatens to deny transportation to a complainant, it is not necessary in order to give a Federal court jurisdiction that the amount due at the time the bill was filed should exceed $3,000; but it is sufficient to give this court jurisdiction if it shall clearly appear that continuance by the transportation company of its denial of rights will involve more than $3,000 during the pendency of the litigation.

South Porto Rico Sugar Co. v. American R. Co.

Jurisdiction—Suit to Collect Back Inadequate.

    2. Adequate remedy in Porto Rico is not afforded to a complainant by paying under protest sums in dispute and then seeking to recover the same by suits hereafter. The difficulties of this procedure in Porto Rico are such as to justify a court of equity in granting relief.

Public Service Commission—Nonaction Remedied by Court Action.

    3. Where the subject-matter of litigation is within the legislative power of the public service commission in Porto Rico, the fact that such power has never been exercised may operate to confer jurisdiction upon the Federal court which otherwise it would not have.

Opinion filed January 24, 1923.

---

*Messrs. O. B. Frazer* and *Nelson Gammans* for complainant.

*Mr. F. H. Dexter* for defendant.

ODLIN, Judge, delivered the following opinion:

The controversy between these two important corporations is of a very peculiar nature and it has been difficult for me to decide what is the duty of this court with respect to the application by the complainant for a temporary injunction against the defendant. The bill was filed on December 9, 1922, and on December 23, 1922, there was filed on behalf of the defendant a motion to dismiss, and also an answer to the bill. During the oral argument the motion to dismiss was withdrawn by the counsel for the defendant, and he stated to the court that he would rely upon the matter set forth in his answer, at the same time claiming that there existed three grounds in support of his contention that I should grant no temporary injunction.

South Porto Rico Sugar Co. v. American R. Co.

These three grounds are as follows: First, that this controversy does not involve more than $3,000; second, that the complainant has a clear, plain, and adequate remedy at law; and third, that this court is without jurisdiction because the public service commission of Porto Rico alone has power to deal with the questions involved in this proceeding. I will discuss these three grounds in order.

First, it is true that the sum already demanded by the defendant railroad company to be paid by the complainant sugar company is only $1,704, alleged to be due for the calendar year 1922, and that there will be claimed the sum of $852 at the beginning of each six months after the end of the year 1922. But I cannot overlook the allegations in § 9 of the complaint, not denied in the answer, to the effect that the railroad company has threatened and is threatening to cut off the switches and sidings which now connect the private rails of the complainant sugar company with public railroad lines of the defendant company, and also has threatened to refuse to deliver empty cane cars and likewise to refuse to receive loaded cars unless the said sum of $1,704 shall be paid and an agreement entered into that the future charges of $852 semiannually be paid hereafter. It needs no argument to show that if these threats should be carried out the loss to the complainant sugar company would be vastly in excess of $3,000, and in fact either impossible or extremely difficult for this court to fix. I am therefore bound to hold that this controversy does involve much more than $3,000.

The second ground upon which the railroad company opposes the granting of a temporary injunction is that the complainant sugar company has an adequate and plain remedy at law. It

South Porto Rico Sugar Co. v. American R. Co.

is argued that these sums of money above mentioned claimed by the railroad company should be paid under protest, and that a suit or suits should be brought hereafter to recover them back. I am not impressed with this argument. It is possible that it might be many years before a rate for the services now being rendered, if satisfactory to only one party, should be upheld by a court of last resort. Inasmuch as it is perfectly feasible to protect all the rights of the railroad company by means of a bond, while it is extremely doubtful if all the rights of the complainant sugar company would be protected in case of a denial of a temporary injunction, it seems to me that it would be wholly unfair and unreasonable for a court of equity in a controversy like the present one to deny any remedy whatever to the complainant and to remit the complainant to such relief in ordinary actions at law as might be available. Therefore, I am obliged to hold that the second ground relied upon by the defendant railroad company is unsound.

The third and last point raised by the counsel for the defendant railroad company presents an entirely different question. It is claimed that this court has no jurisdiction over this matter because the jurisdiction of the public service commission of Porto Rico is exclusive. This is undoubtedly true in a philosophical sense. I admit that this court would have no power to act in this matter if the public service commission of Porto Rico had actually acted. By reading the bill and by reading the answer, it is clear that the public service commission of Porto Rico has never yet fixed any rate or tariff for the charges of greasing the switches which are in use to connect private rails with the public rails, and the counsel for the defendant insists that it is not within the proper authority of this court

to grant relief to the sugar company, the complainant, because the latter has not made any application to the public service commission of Porto Rico to fix such rates. Without being inclined in the least to be disrespectful to counsel for the defendant company, who has argued his side of this controversy with much force and ingenuity, the conclusion reached by me is quite firm that he is taking the position which in the current slang of the day is expressed by the phrase, "Let George do it."

In other words, here are two corporations of great importance that have for many years availed each other of their different services without any serious dispute, and a claim is made, not by the sugar company against the railroad company for the first time, but by the railroad company against the sugar company. To express it otherwise, although it is true that the sugar company is the complainant in this proceeding, the initial cause of the controversy arises out of a demand made by the railroad company upon the sugar company which never hitherto has been made during their twelve or fifteen years of friendly, contractual relations. I therefore am convinced that it is the province of the railroad company to apply to the public service commission of Porto Rico to take action in this matter, and not the duty of the sugar company.

I have therefore decided to grant a temporary injunction in accordance with the prayer of the bill of complaint, but to continue in force only until such time as the public service commission of Porto Rico shall include in its rates or tariffs a charge for the service now being rendered by the railroad company to the sugar company, there being no rate for such service at present.

I will not fix the amount of the bond at the present time.

South Porto Rico Sugar Co. v. American R. Co.

If counsel for the complainant and counsel for the defendant can agree upon the amount of the bond on or before the 31st day of January, 1923, I will sign a formal order embodying therein the amount of such bond. If they fail to agree I will then fix the bond myself. These gentlemen representing the parties to this controversy are much better able than I am to form an accurate opinion as to the time which may be required for the public service commission of Porto Rico to act in this matter.

To this ruling counsel for the defendant excepts.